## WILSON *a.* HOLDEN.

*Supreme Court, First District; General Term, May,* 1863.

### DEFECTIVE TITLE.—BURDEN OF PROOF.—EVIDENCE.—MEASURE OF DAMAGES.

In an action to recover damages for the breach of a contract to purchase real property, where the defence of defective title is interposed, the burden of proof is upon the plaintiff, to show affirmatively that he had good title.

A conveyance with possession under it is, in the first instance, presumptive evidence of title to real property, but is not enough where direct issue is taken on the title.

The measure of damages against the purchaser for not performing the contract of purchase, is the difference between the price agreed upon, and the actual value at the time of refusal to perform, or of bringing the action.

Thus, if after the purchaser's breach of the contract, the land be sold under a foreclosure against the vendor, and there be a deficiency upon the sale with which he be personally charged, it is error to award to the vendor as his damages the difference between the contract-price and the price of such forced sale, together with the amount charged upon him for the deficiency.

The price at which the property may have been subsequently sold is no evidence of its value.

Appeal from a judgment.

This action was brought by Eliza Ann Wilson against Orel J. Holden to recover damages for the non-performance of a certain contract, whereby he agreed to purchase a lot of land situate on the corner of Seventh Avenue and Forty-fifth-street, in the city of New York.

The complaint, in substance, averred that the plaintiff caused to be tendered to the defendant, in conformity with such contract, a deed of said premises effective to convey the same unto him, free and clear of all incumbrances.

The answer denied this, and averred that the respondent was never possessed of such title to the premises, as by the agreement she had undertaken to convey.

The case was tried before Mr. Justice Welles, and a jury.

It appeared by the proof that a deed was tendered to the defendant, and a satisfaction of a mortgage there was upon the

lot, and payment of the consideration-money was demanded; in reply to which the defendant stated that the title of the plaintiff was bad. He declined to accept the deed. With a view of showing that the plaintiff had title to the premises in question, it was proven that Robert Campbell and wife conveyed the same to the plaintiff by deed, dated December 1, 1858; and it was also shown that Campbell claimed title by conveyance from John Paine, dated about the 1st of May, 1853. It did not appear, however, that Paine was ever in the actual possession of the lands, nor how he had derived title thereto.

For the purpose of showing the amount of damages sustained by the respondent, it was proven, that certain mortgages assumed to be paid by the defendant were foreclosed, and a decree of sale entered in August, 1859, and that, upon a sale of the premises by the sheriff, the proceeds were insufficient to pay the mortgages. To these foreclosure-suits the defendant was not a party, nor did it appear that he had notice that the same were pending.

The court directed a verdict for the plaintiff for $2,298.84.

From the judgment entered thereon the defendant appealed.

*Cummins, Alexander & Green,* for the appellant.—I. The respondent, as a condition precedent to her right to recover, was bound not only to deliver or tender a deed sufficient in form to convey all the title she possessed, but also a good and indefeasible title. (Fletcher *a.* Button, 4 *N. Y.,* 400; Pomeroy *a.* Drury, 14 *Barb.,* 420; Tracer *a.* Halsted, 23 *Wend.,* 69; Judson *a.* Wass, 11 *Johns.,* 527; Jones *a.* Gardner, 10 *Ib.,* 268; *Rawle on Covenants for Title,* 562.)

II. She failed to prove that she was possessed of that title, which, by the contract, she was bound to convey. It was incumbent on her to show that she, and those under whom she claimed, had been in possession of, or had under conveyance claimed title to, the land in question, for the period of at least twenty years. (2 *Saunders on Pl. & Ev.,* 901, 904; Martin *a.* Smith, 5 *East,* 555; Phillips *a.* Fielding, 2 *H. Bl.,* 123; Duke of St. Albans *a.* Shore, 1 *Ib.,* 270; *Phil. on Ev.,* book 2, part 1, ch. 7.)

III. The court erred in admitting as evidence the proceed-

ings to foreclose the mortgages, and the sheriff's deed of sale. The appellant was not a party to those proceedings, nor had he notice of them, or any opportunity to attend upon the sheriff's sale, and protect his interest.

IV. On the case, as proven, the plaintiff, if entitled to recover at all, was entitled to nominal damages only. But again, when the plaintiff brought this suit for damages, she thereby, of course, elected to hold the property as her own. (See 18 *N. Y.*, 557.) And if it was thereafter sacrificed by a forced sale at less than its true value, she must bear the loss. The defendant had not agreed to pay what might be lost on a resale, and therefore was in no manner bound or to be affected by the result of such a sale. Under no circumstances could he be made to pay more than the difference between the actual value of the property at the time he was bound to take it and the contract price; and the complaint contains no averment of any such difference. The price which the property brought at sheriff's sale was not competent evidence of this value.

*Solomon B. Noble*, for the respondent.—I. Title by possession is *prima-facie* evidence of a fee, and the whole defence to this action is based upon an erroneous theory. (People *a.* Van Nostrand, 9 *Wend.*, 50; Day *a.* Alverson, 9 *Ib.*, 223; People *a.* Leonard, 11 *Johns.*, 509; Bogart *a.* Haight, 20 *Barb.*, 251.)

II. The measure of damages in an action for the breach of an agreement like the one set forth in the complaint, is the sum agreed to be paid. The judgment is, in point of fact, too small.

INGRAHAM, J.—The plaintiff, in her complaint, alleged that the premises agreed to be sold to the defendant were free and clear of all incumbrances, and that she tendered a deed of the premises, with such title to the defendant, who refused to accept. The action was for damages for breach of the agreement.

The answer denied that the plaintiff had a good title to the premises, and set forth the defects in the title, averring that there were other persons interested in the property, who had not conveyed their interest to the plaintiff.

The judge admitted evidence to show that mortgages, which

the defendant had agreed to assume, had been foreclosed, and the deficiency charged to the plaintiff, and ordered judgment for the whole consideration-money over the mortgages, with the interest thereon, and the amount of deficiency in each foreclosure, with the interest thereon.

I am not prepared to admit, in an action to recover damages, where the defendant's answer denies the plaintiff's title to the premises, that the *onus* of proof is on the defendant to show that the plaintiff's title is not good. The affirmative is with the plaintiff, who avers that he tendered a deed of the premises, and that the title was free and clear. This the defendant denied, and took issue thereon. It was for the plaintiff to show that he had a title to the premises which were agreed to be conveyed.

A conveyance and possession under it may afford presumptive evidence of title in the first instance, but is not enough where a direct issue is taken on the title.

But whether that be so or not, I think the judge erred in directing a verdict for the amount as stated in the case.

The true rule of damages against the vendee of real estate for not performing the contract of purchase, is the difference between the price agreed to be paid and the actual value, either at the time of refusal to perform or of bringing the action.

In the present case, the rule adopted was the amount agreed to be paid over the mortgages, and the deficiencies on the sales under the mortgages.

The error, I think, consisted in admitting the price at which the premises sold to be proved as the value; or, which was the same thing, in holding the purchaser bound to pay the deficiencies over such sales.

Had the plaintiff sold the premises at a second sale for less than the amount agreed on, such second sale would have been no evidence of the value.

So in the present case, the plaintiff was not justified in suffering the property to be sold at a forced sale for less than its value, and claiming the difference as the measure of damages. The plaintiff should have given evidence to show its then present value, and claimed for damages the difference between the sum agreed to be paid in the contract and such value. The amount at which the property was sold at the foreclosure·

sales was not proper evidence to show the value of the property, and consequently the defendant should not have been held liable for the deficiencies on those sales. A different rule might have been proper if the title had passed to the defendant, and he had assumed the payment of the mortgages.

A new trial should be ordered, costs to abide the event.

LEONARD, J.—I concur.

PECKHAM, J.—I concur in the result.

---

## KERR *a.* BLODGETT.

*Supreme Court, First District; General Term, May,* 1863.

TRUSTEE.—REMEDIES OF CESTUI QUE TRUST.—PLEADING IN ACTION FOR ACCOUNTING.—FORMER ADJUDICATION.—COLLUSION.

The remedies of a *cestui que trust* in case of the misapplication of the fund by the trustee,—stated.

In an action against a trustee to compel him to account for the trust-fund, it is not proper to set up in the complaint an accounting already had in an action by other *cestuis que trust,* which it is alleged was collusive, and which, therefore, the plaintiff seeks to avoid. But if this is done, such unnecessary allegations do not alter the nature of the action ; nor entitle the defendant to have the complaint dismissed, on the ground that it discloses a former adjudication upon the controversy.

In an action against a trustee for an accounting, and for payment of plaintiff's distributive share of the trust-fund, the fact that the trustee has accounted under a previous judgment, in an action by a beneficiary for himself and all others who might come in, will not be a bar, if plaintiff shows that such judgment was collusive, and in fraud of his rights.

Appeal from a judgment.

This action was brought by Robert H. Kerr and John P. Morgan against William T. Blodgett and Orlando Meads. The plaintiffs were judgment-creditors of one John Meads, Jr., of whom the present defendants were assignees. The relief asked was accounting and the payment of plaintiffs' judgment.