ELI VAN BROCKLEN, APPELLANT, *v.* GEORGE B. SMEALLIE, RESPONDENT.

*Vendor and vendee — evidence and measure of damages for a breach of a contract of sale.*

Eli Van Brocklen, a vendor, brought an action against George B. Smeallie, the vendee, for the recovery of damages resulting from an alleged breach of contract to purchase certain lands and personal property.

Upon the trial of the action Van Brocklen testified that the property was worth $10,000, the contract-price, when the contract was made, and also when the breach occurred. There was no evidence to the contrary.

After notice to Smeallie, Van Brocklen sold the property at private sale for $7,500, and sought to recover from Smeallie the difference between that sum and the $10,000, viz., $2,500. He did not, however, ask to go to the jury on the question of value, nor did he claim that the $7,500 was evidence of value for the jury.

*Held,* that a recovery of nominal damages was correct.

That the notice given by Van Brocklen to Smeallie did not bind the latter so that Van Brocklen could recover of him the difference between the contract-price and that realized at the resale.

That a private sale afforded no evidence of the true value of land.

APPEAL by the plaintiff, Eli Van Brocklen, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 5th day of October, 1891, upon a verdict for the plaintiff, directed by the court, for six cents damages, after a trial at the Montgomery Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 6th day of October, 1891, denying a motion for a new trial.

The action was brought to recover the damages alleged to have resulted from the defendant's breach of a contract of sale, which was as follows:

" Eli Van Brocklen hereby agrees to sell and convey to George B. Smeallie all his undivided one-third interest in and to the firm of Snyder, Van Brocklen & Hull, and to its assets and property, real and personal, for $10,000 ; and to make, execute and deliver the necessary deeds and conveyances therefor on or before March 1, 1891.

" George B. Smeallie agrees in consideration thereof to purchase the undivided one-third interest of said Eli Van Brocklen in said copartnership and its property and assets, and to pay thereof the

sum of ten thousand dollars, and assume and discharge an undivided one-third of the liabilities and indebtedness of said firm.

"Said $10,000 to be paid as follows:

. "Cash and bonds and mortgages on unencumbered real estate to the amount of $5,000, to be paid and delivered to said Van Brocklen on or before Mar. 1, 1891, and balance to be paid by two promissory notes, with interest, one for $3,000 and one for $2,000, made by George B. Smeallie, payable, $2,000 June 1, 1891, and $3,000 to be renewed from time to time.          "ELI VAN BROCKLEN.

                                        "GEORGE B. SMEALLIE.

"Witness our hands this 21st day of Feb., 1891.

        "Witness: C. S. NISBET."

The property contracted to be sold by the plaintiff to the defendant was subsequently sold to a third person after the following notice was given to the contract vendee:

"GEO. B. SMEALLIE, Esq.:

"I have made diligent effort, since you declined to take my interest in the firm, to sell the same and get the best possible price therefor. The best offer I can get is about $2,500 less than you offer. I am still willing to carry out the contract we made, but if you still decline to do so, I shall hold you for the difference between what you offered and what I can get for it.

"The offer which I now have must be answered by or before to-morrow night. If I hear nothing to the contrary from you, I shall accept this offer, as it is the best I can get.

                                        "Yours, etc.,

"Dated *April* 2, 1891.          ELI VAN BROCKLEN."

*C. S. Nisbet,* for the appellant.

*L. A. Serviss,* for the respondent.

PUTNAM, J.:

There is but a single question involved in this case. The appellant or vendor brings the action against the defendant or vendee for damages for breach of contract to purchase land. The contract-price was $10,000. The plaintiff testified on the trial that the property was worth that sum when the contract was made and at

the time of the breach of the contract. There was no conflicting evidence in this regard. After notice plaintiff sold the property at private sale for $7,500, and claims to recover the difference between the contract-price and the amount for which he sold the property of defendant. When the trial was concluded the plaintiff claimed to recover as above stated, but the court held that the rule of damages was the difference between the contract-price and the actual value of the property. That the notice given by plaintiff to defendant did not bind the defendant so that the plaintiff could recover the difference between the contract-price and the amount for which he sold the premises. And the court directed judgment in favor of the plaintiff for nominal damages. The plaintiff did not ask to go to the jury on the question of value or claim that the amount received on the resale was evidence of value to be submitted to the jury. I think the rule of damages adopted by the court was correct. (*Wilson* v. *Holden*, 16 Abb. Pr., 133; *Congregation Beth Elohim* v. *Cent. Pres. Church*, 10 Abb. Pr. [N. S.], 494; *Timby* v. *Kinsey*, 18 Hun, 255; *Pumpelly* v. *Phelps*, 40 N. Y., 66; *Griswold* v. *Sabin*, 51 N. H., 171.)

The cases cited by appellant decided by courts of this State are not similar. *Pollen* v. *Le Roy* (30 N. Y., 549) was a case of the sale of personal property, but in that case the rule of damages was stated to be the difference between the contract-price and the real value of the property. It was held that a *fair public sale*, in the absence of other evidence, was competent evidence of value. But in this case, as we have seen, the plaintiff did not claim that the price for which he sold the property was evidence of its value or ask to go to the jury on that question. The case of *Miller* v. *Collyer* (36 Barb., 250) was that of a judicial sale under a decree in equity, and the court held that the purchaser could by order of the court be compelled to complete the sale, or that the court could upon his failure order a resale and compel him to pay the deficiency, he having by signing the memoranda of sale submitted himself to the jurisdiction of the courts.

I doubt whether the doctrine stated in *Bowser* v. *Cessna* (62 Penn., 148) is in all regards sustained by the decisions of the courts of this State. But in that case the rule of damages is stated to be the difference between the contract-price and the market-value

of the property at the time of the breach. That case assumes that the price brought on the resale is evidence of the market-value, but it holds that the sale must be a *public one*, not, as in this case, private. In *Griswold* v. *Sabin* (51 N. H., 171), also cited by appellant, the court remarks. " The plaintiff having sold the land at private sale he cannot claim that the price obtained was the true value." There was no evidence except that offered by defendant as to the resale, and, as above stated, plaintiff did not ask to have that question submitted to the jury.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.