### VAN BROCKLEN *v.* SMEALLIE.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

VENDOR AND PURCHASER—BREACH OF CONTRACT—MEASURE OF DAMAGES.

On breach of a contract of sale of realty by the purchaser, the vendor, after notice to the purchaser of an intent to sell at his risk, sold the property privately, and brought an action to recover the difference between the contract price and that realized at the resale. Plaintiff did not claim that the amount received on resale was evidence of value, or ask to go to the jury on that question. The court held that plaintiff's measure of damages was the difference between the contract price and the actual value of the land, and directed judgment for nominal damages. *Held* no error.

Appeal from circuit court, Montgomery county.

Action by Eli Van Brocklen against George B. Smeallie. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*C. S. Nisbet,* for appellant. *L. A. Serviss,* for respondent.

PUTNAM, J. There is but a single question involved in this case. The appellant, or vendor, brings the action against the defendant, or vendee, for damages for breach of contract to purchase land. The contract price was $10,000. The plaintiff testified on the trial that the property was worth that sum when the contract was made and at the time of the breach of the contract. There was no conflicting evidence in this regard. After notice plaintiff sold the property at private sale for $7,500, and claims to recover the difference between the contract price and the amount for which he sold the property of defendant. When the trial was concluded the plaintiff claimed to recover as above stated, but the court held that the rule of damages was the difference between the contract price and the actual value of the property. The notice given by plaintiff to defendant did not bind the defendant, so that the plaintiff could recover the difference between the contract price and the amount for which he sold the premises; and the court directed judgment in favor of the plaintiff for nominal damages. The plaintiff did not ask to go to the jury on the question of value, or claim that the amount received on the resale was evidence of value to be submitted to the jury. I think the rule of damages adopted by the court was correct. *Wilson* v. *Holden,* 16 Abb. Pr. 133; *Congregation* v. *Central Presbyterian Church,* 10 Abb. Pr. (N. S.) 484; *Timby* v. *Kinsey,* 18 Hun, 255; *Pumpelly* v. *Phelps,* 40 N. Y. 66; *Griswold* v. *Sabin,* 51 N. H. 171. The cases cited by appellant, decided by courts of this state, are not similar. *Pollen* v. *Le Roy,* 30 N. Y. 549, was a case of the sale of personal property, but in that case the rule of damages was stated to be the difference between the contract price and the real value of the property. It was held that a fair public sale, in the absence of other evidence, was competent evidence of value. But in this case, as we have seen, the plaintiff did not claim that the price for which he sold the property was evidence of its value, or ask to go to the jury on that question. The case of *Miller* v. *Collyer,* 36 Barb. 250, was that of a judicial sale under a decree in equity; and the court held that the purchaser could, by order of the court, be compelled to complete the sale, or that the court could, upon his failure, order a resale and compel him to pay the deficiency, he having by signing the memoranda of sale submitted himself to the jurisdiction of the court. I doubt whether the doctrine stated in *Bowser* v. *Cessna,* 62 Pa. St. 148, is in all regards sustained by the decisions of the courts of this state. But in that case the rule of damages is stated to be the difference between the contract

price and the market value of the property at the time of the breach. That case assumes that the price brought on the resale is evidence of the market value, but it holds that the sale must be a public one, not, as in this case, private. In *Griswold* v. *Sabin,* 51 N. H. 171, also cited by appellant, the court remarks: "The plaintiff having sold the land at private sale, he cannot claim that the price obtained was the true value. There was no evidence, except that offered by defendant, as to the resale, and, as above stated, plaintiff did not ask to have that question submitted to the jury."

The judgment should be affirmed, with costs. All concur.