HERMANN SCHMALTZ, Appellant, *v.* SMITH M. WEED, Respondent.

*An executory contract for the purchase of land and of a mortgage debt due the vendor — measure of damages for its breach.*

A contract by the terms of which a prior lienor of premises, about to be sold on foreclosure, agrees with a subsequent lienor of the same premises that the former, if necessary, will bid the amount of his claim upon the sale and will convey his title and assign any judgment for a deficiency to the subsequent lienor, the latter agreeing to pay the prior lienor the amount of his judgment, costs, expenses of sale, taxes, etc., is more than a mere executory contract to purchase the land; it is also a sale of the debt of the prior lienor, and entitles him to recover, in an action upon the contract, not the measure of damages proper in case of a breach of an executory contract for the sale of land, viz., the difference between the actual value of the land and the contract price, but the entire contract price.

APPEAL by the plaintiff, Hermann Schmaltz, from a judgment of the Supreme Court in favor of the plaintiff for nominal damages only and in favor of the defendant for costs, entered in the office of the clerk of the county of Clinton on the 24th day of April, 1897, upon the decision of the court rendered after a trial at the Clinton Special Term, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 12th day of April, 1897, granting the defendant an extra allowance.

The action was brought to recover damages for an alleged breach of contract.

*Charles M. Baker* and *John D. Teller*, for the appellant.

*T. F. Conway*, for the respondent.

PARKER, P. J.:

If the contract upon which this action is brought is to be considered merely as one for the sale by plaintiff to defendant of the brewery property in question, at a price equal to the amount of his judgment and the liens prior thereto, it is probable that the rule of damages adopted by the trial court is the correct one. It seems to be settled that, upon the breach of an executory contract for the purchase of land, the measure of damages is the difference between the actual value of the premises and the contract price; and this is so, even when the breach is upon the part of the vendee and the vendor is the one who seeks to recover. The vendor may not, it seems, upon tender of performance on his part, recover in an action at law for the purchase price. He must either treat the contract as repudiated, and recover whatever actual damages he has sustained in an action for its breach, or he must, if he would insist on its performance, go into equity and procure a decree awarding to him the purchase price and the title to the vendee. (5 Am. & Eng. Ency. of Law, 28; *Old Colony R. R. Co.* v. *Evans*, 6 Gray [Mass.], 25; *Cong. Beth Elohim* v. *Central Presb. Church*, 10 Abb. [N. S.] 484, 494, 500; *Wilson* v. *Holden*, 16 Abb. Pr. 133; *Van Brocklen* v. *Smeallie*, 64 Hun, 467.)

But what are the relations of the parties to one another under the contract in question? At the time it was executed neither owned the premises. Each had a claim or lien against the same. The plaintiff's was prior to the defendant's, and the premises were about to be sold under its foreclosure. The substance of the undertaking is, that plaintiff will bid to the amount of his claim, if necessary, and that he will convey the title so obtained to the defendant, and also assign to him the judgment for deficiency remaining after the sale; and defendant, on his part, will pay to the plaintiff the full amount of his "present judgment and interest thereon, * * * and the costs and expenses of said sale, including taxes, assessments and water rates, which are liens upon said premises at the time of said sale." Practically, the plaintiff sells to the defendant his claim and judgment against the property, and agrees to have such property sold and bid it off for defendant's benefit and at his expense. The provisions concerning the reduction of the prior liens to not more than $40,000, and the protection of the premises thereafter against

a sale on foreclosure of any of such liens, and for keeping the premises thereafter insured, etc., are but measures taken to make good the $15,000 mortgage by which a portion of the purchase price was to be secured. By the terms of the contract, a credit of two years for $15,000 of the purchase price is given and the balance is to be paid in cash. These provisions as to reducing the liens to $40,000 and protecting the property against foreclosure, were of interest to the plaintiff only as they increased the security of the mortgage which he was to take.

Here are all the elements of a contract for the purchase and sale of plaintiff's judgment, based upon a clear legal consideration. The plaintiff has fully performed all the conditions of that contract on his part, and there is no reason apparent why he should not recover the purchase price thereof as soon as it becomes due.

It is true that, under the contract, plaintiff was required to bid only to the amount of his claim, and unless he did bid off the property, no purchase whatever was made; but that does not necessarily characterize the purchase as one of real estate only. It was nevertheless a contract for the sale of plaintiff's debt, coupled with the condition that it was not to be made in the event that such debt was practically discharged by some one who was willing to bid more than its amount in order to procure the property. If the plaintiff had tendered to defendant a deed of the premises, but had refused to assign the judgment, it is very clear that he would not have tendered performance of *this* contract on his part. And yet, if it was but a mere contract to convey to defendant the premises in question in the event that he thereafter purchased them, he would have fully performed it by the tender of such a deed. It is evident that it was plaintiff's *debt* which was the subject-matter of defendant's purchase, and I am sustained in this conclusion by the view of the transaction taken in the last defense set up in defendant's answer. It is there substantially set forth that it was the mortgage of $15,000 which defendant was purchasing and that, as soon as he discovered that it was not worth its face value, he repudiated all obligations under the contract.

Under this view of the contract, it is clear that the measure of damage allowed upon the trial was incorrect.

Defendant's liability is measured by the amount of the purchase

price which he agreed to pay. All but $15,000 of that was due at once upon tender of performance on plaintiff's part, and for that amount, at least, he could recover in this action. As to the $15,000 for which, under the contract, a credit of two years was to be given, inasmuch as the defendant by his neglect to protect the title against subsequent foreclosure had put it out of his power to give the security he agreed to give, it must be held that his right to such credit has been waived and the whole amount had at once become due and payable.

These conclusions require a reversal of the judgment appealed from.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.