(74 App. Div. 169.)

### BENSINGER v ERHARDT et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. VENDOR AND VENDEE—EXECUTORY CONTRACT—BREACH—MEASURE OF DAMAGES.
    Where the vendee in an executory contract for the purchase of land refuses to accept a conveyance, the vendor, in an action at law, cannot recover the purchase price, but only such damages as he sustains by reason of the breach of contract.

2. SAME—BURDEN OF PROOF—EVIDENCE.
    Where, in an action by the vendor in an executory contract for the sale of land against the vendee, who has refused to accept a conveyance, the vendor gives no evidence to show damage sustained by him, he cannot recover substantial damages.

3. SAME—DEED FROM THIRD PERSON—LIENS.
    Where the vendor in an executory contract to sell land agreed to convey to the vendee free from incumbrance, and afterwards conveyed to a third person, the vendee was not required to accept a tender of a deed from such third person subject to a mortgage on the land, and without proof that no dower interest or tax or assessment lien had attached.

Action by Moses Bensinger against Joel B. Erhardt and another. Motion by defendants for new trial after verdict for plaintiff on exceptions ordered to be heard in the first instance at the appellate division. New trial ordered.

See 70 N. Y. Supp. 24.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

J. L. Cadwalader and H. W. Taft, for the motion.
Samuel Untermyer, opposed.

PATTERSON, J. On the trial of this cause a verdict was directed for the plaintiff, and the defendants' exceptions were ordered to be heard in the first instance at the appellate division. During the whole trial the action was treated as one at law to recover what must be regarded as the purchase price of land, less certain incumbrances, which the plaintiff insisted were within the control of the defendant, or for which he might be allowed. The action was based upon an agreement by which the defendant Erhardt, nominally as trustee, undertook the performance of an agreement for the purchase and sale of real estate. The material facts connected with the cause of action asserted in the complaint are that some time in the month of March, 1891, Ellis B. Edwards and others conveyed to the Brussels Tapestry Company 100 lots of land in the town of Greenburgh, in Westchester county, N. Y., and agreed with that company that it should have the privilege, on December 1, 1893, or within 30 days thereafter, upon giving 90 days' notice of its intention so to do, to reconvey to those persons by warranty deed all or any of said 100 lots, free from incumbrances, and if such lots were reconveyed such persons agreed to pay $450 for each lot so reconveyed. It would seem that some time in the year 1893 the defendant Erhardt and others owned lands adjacent to those included in the agreement to which reference has been made, and on or about the 7th of July, 1893, the defendant Erhardt, "as trustee," entered into an agreement in writing and under seal with the Brussels Tapestry Company, by which he covenanted that at any time after 3 years from the date thereof the Brussels Tapestry Company, upon giving 90 days' notice of its intention, might reconvey to him (Erhardt) by warranty deed all or any of the 100 lots (being the same lots as those referred to in the antecedent agreement with Edwards and others), free from incumbrances, and he agreed upon such reconveyance to pay the sum of $450 for each lot so reconveyed. Contract relations being thus established between the defendant Erhardt and the Brussels Tapestry Company (and it is not denied that those relations are individual as to the defendant Erhardt), that corporation, on the 14th day of July, 1896, notified the defendant of its intention to reconvey to him 85 of the 100 lots so purchased by it; and the Brussels Tapestry Company claims that thereafter, and within the proper time, it tendered to the defendant Erhardt a warranty deed reconveying to him 85 of the 100 lots, which deed was duly and properly executed. At that time there were incumbrances upon the property, one being a mortgage for $12,750, which was held by the defendant Erhardt as trustee, and another for $2,607, which was a lien on 28 of the lots described in the deed said to have been tendered by the Brussels Tapestry Company, and that mortgage was then held by Mr. George Bliss. The defendant Erhardt would not receive a reconveyance of the 85 lots, although it appears to be admitted that the deed was tendered, and a demand for payment made upon him. The deed, however, was prematurely tendered under the terms of the contract, for such tender was made prior to the expiration of the 90 days. The plaintiff claimed on the trial that strict performance of the requirement as to 90 days had been waived by the defendant, but such waiver was not pleaded. In

the view we take of the case it is unnecessary to determine whether proof of waiver was properly allowed. It further appears in evidence that, after the deed was tendered to the defendant Erhardt, the Brussels Tapestry Company proceeded to deal with this real estate as if it had the power and right to dispose of it to third parties. In March, 1897, all of the 85 lots were conveyed by the corporation to Meyer, and it assigned to Meyer all its right under the contract with Erhardt, so far as it affected such lots, and all its right to recover under the contract the purchase price of the lots. The deed to Meyer from the company contained a covenant of warranty. By an agreement made between the Brussels Tapestry Company and Meyer, antedating the conveyance, that company agreed to sell to Meyer and he agreed to purchase the plant and fixtures and personal property belonging to the Brussels Tapestry Company, and also the 85 lots of land, subject to the mortgages. The claim against Erhardt of the Brussels Tapestry Company was assigned, and it appears in evidence that the assignment of that claim was as collateral security. On the 8th of July, 1897, the Brussels Tapestry Company transferred to the plaintiff, Bensinger, and to one Troescher all its right, title, and interest in and to the cause of action set forth in the complaint; and subsequently Troescher sold, assigned, and transferred his right, title, and interest to the plaintiff. It is alleged in the complaint that Meyer has an interest in the balance of the cause of action after the payment to the plaintiff of $15,000. Meyer is made a defendant in the action, it being alleged in the complaint that he refused to unite with the plaintiff in bringing an action against Erhardt to enforce the covenant in his agreement and to collect the amount of the claim sued upon. On the trial, the cause being treated as an action at law for the recovery of the purchase price of these lots, and the action being tried purely as one at law, the court left it to the jury to pass upon two questions of fact only: First, whether a proper tender had been made to Mr. Erhardt of a reconveyance of the 85 lots; and, second, whether a tender had been waived. The jury found that a tender was not properly made. They also found that tender had been waived, and thereupon the trial court directed a verdict for the plaintiff for the whole of the purchase price of the lots, less the amount of the incumbrances thereupon. It appears from the record that on the trial the plaintiff offered to deliver to the defendant Erhardt a deed from the Brussels Tapestry Company and a deed from Meyer.

We think the direction of a verdict for the amount of the purchase price of the lots cannot be sustained. Regarding the action now as it was regarded in the court below, the case-made was substantially nothing more nor less than one of the breach of an executory contract for the sale of land, the vendee refusing to perform his covenant to buy and pay for the land. In such a case the vendor is entitled only to recover his damage, and the measure of damage is the difference between the actual value of the land and the contract price. That rule of damage is announced in Schmaltz v. Weed, 27 App. Div. 309, 50 N. Y. Supp. 168. Although it may be said that the determinate point in that case did not relate to the

rule, yet its statement is authoritatively made and abundantly sustained by the cases cited to support it. The learned counsel for the plaintiff insists that the rule with reference to damages for the breach of a contract for the sale of personal property applies, but, as was said in Van Brocklen v. Smeallie, 140 N. Y. 74, 35 N. E. 415:

"The rule of damages which pertains to sales of real property differs in scope and in principle from that applicable to sales of personalty."

In Schmaltz v. Weed, supra, it is said:

"It seems to be settled that upon the breach of an executory contract for the purchase of land the measure of damages is the difference between the actual value of the premises and the contract price; and this is so even when the breach is upon the part of the vendee, and the vendor is the one who seeks to recover. The vendor may not, it seems, upon the tender of performance on his part, recover in an action at law for the purchase price."

That was substantially held in Laird v. Pim, 7 Mees. & W. 473, and in Railroad Corp. v. Evans, 6 Gray, 25, 66 Am. Dec. 394, and in Congregation Beth Elohim v. Central Presbyterian Church, 10 Abb. Prac. (N. S.) 484, where the subject is well considered in the opinion of Neilson, J. We are aware that the rule announced in Schmaltz v. Weed, supra, and which we follow in this case, is opposed to the views expressed by Judge Gridley in Richards v. Edick, 17 Barb. 260. That learned judge, in his opinion in the case mentioned, held the contrary view to that we now take, but only upon the ground that he considered it to be necessary to do so in consequence of what had antecedently been decided by the courts of this state. He clearly and forcibly states the reason why the rule which he applied ought not to be regarded as the law. Referring to Laird v. Pim, supra, he says:

"In a case, therefore, where the plaintiff holds the title to the land, and recovers its full value expressed in the contract, and after judgment, when the defendant seeks to obtain the land, a court of law is without the power of affording him any relief. It is true, a court of equity may order a conveyance; but in the meantime some third person may have recovered a judgment against the plaintiff, and rendered his deed worthless."

The decision in Richards v. Edick was based upon antecedent authority, but finding, as we do, that subsequent authority has proclaimed a rule different from that followed by Judge Gridley, we feel ourselves controlled by that subsequent authority. The plaintiff gave no evidence to show damage within the rule we consider applicable in this case, and it follows that the exceptions of the defendant must be sustained.

There is another view, however, which may be taken of this case, and that is that the complaint contains allegations sufficient to maintain an action for specific performance. The demand for a money judgment does not necessarily control. The complaint alleges facts which, if proven, might entitle the plaintiff to equitable relief. In Thacher v. Association, 46 Hun, 597, it was stated upon the authority of Hale v. Bank, 49 N. Y. 626, that the relief demanded does not necessarily characterize the action or limit the plaintiff in respect to the remedy which he may have, and the fact that the plain-

tiff has demanded judgment for a sum of money by way of damages does not preclude the recovery of the same amount by way of equitable relief, if the facts entitle the plaintiff to such relief. Now, an action for the specific performance of a contract for the sale of land is, in substance, an action to recover the purchase price of the land, and, as was stated by Dwight, C., in Rindge v. Baker, 57 N. Y. 219, 15 Am. Rep. 475, where a vendor in a contract for the sale of land sues for the price, his action is equitable, and the recovery by the vendor is simply in money; and so it may well be that Mr. Erhardt on a proper showing might be compelled to specifically perform his contract in this action, but we cannot on the proof in this case award the relief of specific performance. It is true that the parties have tried the action with a jury, and the court has directed a verdict, and a case may be imagined in which where the parties have consented to try their case in a particular way, and special issues have been submitted to a jury, which the court of its own motion would have the right so to submit, the irregularities of the trial may be regarded as waived, and full relief be given; but the facts appearing in this record render it impossible to deal with the case in that manner. Assuming that Erhardt's contract was assignable,—a point, however, we do not decide,—it is quite evident that the plaintiff was not in a position to compel the defendant to accept the deeds that were tendered on the trial. The defendant was entitled to a conveyance which would vest in him a title free from incumbrances, and with a warranty. Whatever may be said of the $12,500 incumbrance, he was not tendered a title free from the $2,607 mortgage, which incumbrance was held by Mr. George Bliss; nor was he required to make a deed of the land from Meyer without proof that no dower interest attached to the property while the title stood in Meyer, or without proof that there were no incumbrances, or liens, or taxes or assessments imposed upon the property while the title was thus in Meyer. The defendant was authorized to stand on his contract as it was made, and it was the duty of the plaintiff to show, regarding the action as one for specific performance, that all the terms of that contract would be fully met and complied with by the deeds that were tendered.

For the foregoing reasons, the exceptions of the defendant must be sustained, and a new trial of the cause ordered, with costs to the defendant to abide the event.

McLAUGHLIN and HATCH, JJ., concur. LAUGHLIN, J., concurs in result. O'BRIEN, J., not voting.