(99 App. Div. 191)

### KUNTZ v. SCHNUGG.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. SALE OF LAND—BREACH OF CONTRACT—MEASURE OF DAMAGES.
    On the breach by the vendee of an executory contract for the purchase of land, the measure of damages is the difference between the actual value of the land and the contract price, rather than the purchase price specified in the contract.

2. SAME—DISMISSAL OF COMPLAINT—FAILURE OF PROOF.
    Where an action by a vendor against the vendee on the latter's failure to perform his contract was treated at the trial as for the recovery of the purchase price, and not as for specific performance, on plaintiff's failure to prove the proper measure of damages the complaint should be dismissed.

3. SAME—PRAYER FOR RELIEF.
    The fact that the complaint in an action by a vendor against a vendee for breach of contract demands a money judgment only does not prevent a judgment for specific performance, if the complaint alleges facts which, if proven, entitle plaintiff to equitable relief.

¶ 1. See Vendor and Purchaser, vol. 48, Cent. Dig. § 955.

**4. COMPLAINT—AMENDMENT AT TRIAL.**

Where plaintiff refused, at the suggestion of the court, to withdraw a juror and apply at Special Term for leave to amend the complaint, he cannot complain, after dismissing the complaint, of the court's refusal to allow an amendment during the trial.

Appeal from Trial Term, New York County.

Action by Auguste E. Kuntz against Francis J. Schnugg. From a judgment dismissing the complaint at the close of plaintiff's evidence, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William W. Shaw, for appellant.

Joseph Rosenzweig, for respondent.

McLAUGHLIN, J. This action was brought to recover the purchase price of land. At the trial at the close of plaintiff's case the complaint was dismissed, and from the judgment, and an order denying a motion for a new trial, plaintiff has appealed.

The action at the trial was treated by the plaintiff's attorney as one at law to recover the purchase price of the land, and not as one in equity to enforce specific performance. If the action be thus considered, there can be no doubt but that the learned trial justice made a correct disposition of the issue involved, because the measure of damage is not the price specified in the contract of sale, but the difference between the actual value of the land and the price contracted to be paid. The rule of damages in such a case was clearly announced in Schmaltz v. Weed, 27 App. Div. 309, 50 N. Y. Supp. 168. It was there said:

"It seems to be settled that, upon the breach of an executory contract for the purchase of land, the measure of damages is the difference between the actual value of the premises and the contract price; and this is so even when the breach is upon the part of the vendee, and the vendor is the one who seeks to recover. The vendor may not, it seems, upon tender of performance on his part, recover in an action at law for the purchase price."

This rule was followed in Bensinger v. Erhardt, 74 App. Div. 169, 77 N. Y. Supp. 577, and is also supported by other authorities. Laird v. Pim, 7 M. & W. 474; Old Colony R. Corporation v. Evans, 6 Gray, 25, 66 Am. Dec. 394; Congregation Beth Elohim v. Central Presbyterian Church, 10 Abb. Prac. (N. S.) 484. The plaintiff gave no evidence tending to show the damage, within this rule, and therefore the complaint was properly dismissed, if the action be considered as one simply to recover damages for the breach of an executory contract for the sale of land, the vendee refusing to perform upon his part.

It is contended, however, upon the appeal, that another view may be entertained, and that is that the complaint contains allegations sufficient to maintain an action in equity for specific performance. The judgment demanded is for a sum of money only. This would seem to indicate that the pleader supposed it was an action at law. The prayer for judgment, however, does not necessarily control, if the complaint sets out facts, which, if proven, entitle the

plaintiff to equitable relief. Thacher v. Hope Cemetery Ass'n, 46 Hun, 597; Hale v. Omaha National Bank, 49 N. Y. 626; Rindge v. Baker, 57 N. Y. 209, 15 Am. Rep. 475. If, however, the action be considered as one in equity for the specific performance of a contract for the sale of land, then the plaintiff was not, upon the proof, entitled to recover, and for the obvious reason that she could not perform by giving to the defendant a good and sufficient deed of the premises contracted to be conveyed. This she agreed to do. The fact is undisputed that, prior to the trial, mortgages upon the premises had been foreclosed, and that the plaintiff did not then have the title; nor did it appear that, at the time the alleged tender of a deed was made, she could have given a good and sufficient deed of conveyance. She was therefore not entitled to specific performance. To entitle her to this relief, she was bound to allege and prove that she was not only ready and willing, but that she had the ability, to perform. Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362.

It is also contended that the court erred in refusing plaintiff's application to amend the complaint so that proof could be offered to the effect that the foreclosure of the mortgages upon the premises contracted to be sold, which resulted in depriving plaintiff of the title, was due to the default of the defendant in failing to carry out another agreement with the plaintiff, by which such liens were to be satisfied or taken care of by him. No such issue was presented by the pleadings at the time the parties went to trial, and this fact was called to the attention of the plaintiff's attorney by the learned trial justice, who at the same time suggested to him that he better withdraw a juror, and apply at Special Term for leave to amend the complaint in the respects desired, and in such a way that the action could be tried in equity, where full justice could be done between the parties. This the attorney refused to do, and, under the facts, it cannot be said that the application to amend was improperly denied. The amendment would have imported into the trial, and near its close, an issue which was not suggested in the pleadings, and one which the defendant, according to his attorney, was not prepared to try. Pleadings are for the purpose of advising parties of the issues to be tried, so that a proper preparation may be made for the trial; and new issues ought not to be imported into a trial, by way of amendments, which the opposing party is not prepared to try, in opposition to his objection. The proper way, where an amendment becomes necessary, is to pursue the method suggested by the Trial Justice; and, if such method be not adopted when an opportunity is afforded, a party ought not to be heard to say that he has been injured because such amendment was not made.

We are of the opinion that the complaint was properly dismissed, and the judgment and order, therefore, should be affirmed, with costs. All concur.