## ELK REALTY CO. v. ONDERDONK.

(Supreme Court, Appellate Term, First Department.   June 18, 1913.)

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Elk Realty Company against Antionette G. Onderdonk. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Louis Sanders, of New York City, for appellant.
Sternberg, Jacobson & Pollock, of New York City, for respondent.

PER CURIAM.   Judgment affirmed, with costs.

WHITAKER, J. (dissenting).   Plaintiff sues on two written contracts, by which the plaintiff agreed to sell and defendant agreed to purchase two lots of land for the sum of $225 each, to be paid for by paying $5 down on each lot, which was paid, and $15 a month thereafter, $5 for one lot and $10 for the other, until the whole sum shall have been paid, when plaintiff was to give deed, etc. Defendant failed to pay the installments for five months, and the judgment is for the amount of such unpaid installments.

The defense is fraud and false representations. The defendant claims that the plaintiff represented to her, among other things, that the lots were situated in Plainfield, N. J., when as a matter of fact they were not. The defendant testified that plaintiff's agent exhibited to her a map of lots in Plainfield, and told her that the lots in question were in Plainfield. The map was introduced in evidence, and described the lots as in Plainfield, N. J. It is true that the contract states that they were situated in Holly Park, township of Piscataway, Middlesex county, N. J. So far as the defendant knew, the lots may still have been in Plainfield. The plaintiff's agent ought to have known that it was very unlikely that this woman knew the geographical position of the different small places in New Jersey, and when he exhibited to her a map of the property, marked in large letters, "HOLLY PARK, PLAINFIELD, N. J.," and also stated to her that the lots were situated in Plainfield, which statement was false, and upon which she relied, it constituted fraud.

Furthermore, there is a serious question as to the right of plaintiff to maintain its action in the present form. The plaintiff might either have treated the contract as repudiated and sued for damages, or waited until the last installment was due and sued in equity for specific performance. Schmaltz v. Weed, 27 App. Div. 309, 50 N. Y. Supp. 168; Bensinger v. Erhardt, 74 App. Div. 169, 77 N. Y. Supp. 577. It is unnecessary, however, to determine this question.

The case of Elk Realty Co. v. Boyce, 76 Misc. Rep. 560, 135 N. Y. Supp. 576, is cited by respondent, but is not applicable, as the facts were entirely different.

The contract contains the following provision:

"All the terms and representations made prior to or at the time of the making of this contract are embraced herein. No representations, promises, or agreements, except as are herein contained, shall be binding on the parties hereto."

The plaintiff claims that this provision makes the evidence of false representations incompetent. If the signing of the contract containing these provisions was induced by fraud the provisions are not binding. Such provisions in a contract cannot be used as a cloak for fraud and they cannot prevent a person from showing that such person was induced by fraud to sign the contract in which they are contained.

There are other questions raised by the appellant, which it is unnecessary to discuss.

The judgment should be reversed.