(91 App. Div. 367.)

## SCHWENKER v. PICKEN.

(Supreme Court, Appellate Division, First Department. February 19, 1904.)

1. PARTY WALLS—USE OF ADJOINING OWNER—CONDITIONS PRECEDENT—PROPORTIONAL PAYMENT—COVENANTS—ENFORCEMENT BY GRANTEES.

Adjoining lot owners entered into an agreement whereby one was to build a wall equally on the land of each at his own expense, and the other was to have the privilege of using the same on payment of $500. The agreement provided that it should be binding on the heirs, executors, and assigns of the parties, and should be construed as a covenant running with the land. The wall was built, and subsequently the party building the same conveyed his premises to plaintiff. The other party's premises came into the hands of defendant, who started to make use of the wall built by plaintiff's grantor without making the payment stipulated for in the contract. *Held* that, whatever the effect of the covenants contained in the agreement as to the use of the party wall by defendant or his predecessors, the right to receive payment as a condition precedent to such use was personal to plaintiff's grantor, and did not pass to plaintiff by the conveyance to him.

Appeal from Special Term, New York County.

Action by Otelia W. J. Schwenker against James C. Picken. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Jacob Marks, for appellant.
Harold Swain, for respondent.

INGRAHAM, J.    The complaint alleges that on the 28th day of February, 1899, James C. Crawford was the owner of the premises on the north side of 118th street, 225 feet westerly from the northwesterly corner of 118th street and Lenox avenue; that one Francis Crawford was the owner in fee of a plot of land adjoining the said above-described premises on the east; that on or about the 28th day of February, 1899, the said James C. Crawford and Francis Crawford executed and delivered an agreement, a copy of which is annexed to the complaint, which was duly recorded in the office of the register of the county of New York on the 3d day of March, 1899; that the said agreement was between said James C. Crawford, party of the first part, and Francis

¶ 1. See Party Walls, vol. 38, Cent. Dig. § 49.

Crawford, party of the second part, and recites the ownership of the respective pieces of real property by the parties to the agreement, and it was agreed that the party of the first part should proceed without delay to erect the easterly wall of the most easterly house on the premises owned by him, "one-half on the land owned by the said party of the first part and one-half on the land owned by the said party of the second part," and should complete the said wall as soon as may conveniently be done; that the said wall shall be at least 44 feet in height above the level of the curb, and at least 56 feet in depth, with privileges of building extension wall 14 feet in depth and such height as shall or may be desired, and said wall to be at least 12 inches in thickness, with a foundation wall 2 feet in thickness; that "the entire cost of erecting the said wall shall be borne by the said party of the first part hereto, or his assigns, and that the party of the second part hereto or his assigns shall be at liberty at any time hereafter to use the said wall for all the purposes of a party wall for any house which he or his assigns may erect on said land owned by the said party of the second part upon payment by the said party of the second part or his assigns to the said party of the first part, his legal representatives or assigns, of the sum of $500 in cash, such payment to be made when the wall is used"; and that "this agreement shall be binding on and inure to the benefit of the heirs, executors, administrators, and assigns of the respective parties hereto, and shall be construed as a covenant running with the land, but that no part of the fee of said premises upon which said party wall may be erected shall be transferred or conveyed in or by these presents." The complaint further alleges that after the making of said agreement James C. Crawford erected a building upon his property the easterly wall of which was one-half on the land owned by him and the other half on the land owned by Francis Crawford; that James C. Crawford, on the 28th day of February, 1902, conveyed to the plaintiff his property by a full covenant warranty deed, which was duly recorded, and by which deed there was conveyed to the plaintiff in fee simple the premises with the building thereon erected, together with the appurtenances and all the estate and rights of the said James C. Crawford in and to said premises; that the plaintiff accepted the said deed and transfer, and paid the consideration therefor to the said James C. Crawford, and relying upon the statement that the said walls were erected pursuant to said agreement, and relying upon her rights under said agreement as to the said party wall aforesaid, she paid and parted with an increased consideration on account thereof; that after the making of said agreement the said Francis Crawford died, leaving a last will and testament, which was duly admitted to probate, and letters testamentary under said will were duly issued to Margaret Crawford, William E. Diller, and James C. Crawford, and that they have duly qualified as such executors; that under the power and authority of said will the said executors, by deed dated January 7, 1903, conveyed to the defendant in this action the fee simple of the premises described in the complaint as belonging to the said Francis Crawford, and that the defendant is now the owner of said premises; that the said conveyance to the defendant was made subject to and with the benefit of the said party-wall agreement mentioned, which conveyance was duly recorded; that the defendant, with full knowledge

of said agreement and of the plaintiff's rights in the premises, on or about the 19th day of March, 1903, began the erection and construction of a building upon his lot adjoining the easterly wall of the plaintiff's premises, and did unlawfully and wrongfully appropriate and make use of said easterly wall of the plaintiff's building as and for the westerly wall of his building, without paying or offering to pay to the plaintiff the sum of $500 provided to be paid in said agreement, and that the plaintiff notified the defendant of her ownership and rights in the premises, and forbade the defendant from using or cutting into said wall without complying with the terms of said agreement, but that said defendant totally disregarded the provisions of said agreement, and without tendering to the plaintiff the said sum of $500 at the time of such use, or any part thereof, or at any other time, unlawfully and wrongfully began the use of said wall, and in the course thereof unlawfully and wrongfully cut or caused to be cut in said easterly wall of plaintiff's premises apertures in which he caused to be inserted beams for the support of the building so being erected by him, and in other respects has used and continues to use and threaten to further use and cut into the said wall as a wall and support of his building without paying or offering to pay to the plaintiff the sum of $500, and without complying with the terms of the said agreement; and that the said defendant has not yet completed the erection of said building, but is engaged in using the said easterly wall of the plaintiff's property in the construction of his building in violation of and in trespass of the rights and property of the plaintiff; that neither the said Francis Crawford, nor his executors, nor said defendant have complied with the terms of said agreement as to the conditions upon which said easterly wall of the plaintiff's premises could be used, and have not paid the said sum of $500 provided for in said agreement; and that plaintiff has demanded payment thereof from the defendant, and that the defendant has refused, and still refuses to pay the same. The complaint demands judgment that the defendant, his agents and employés, shall be perpetually enjoined from cutting into the said wall, or interfering with or using the same, or in any manner trespassing upon the said wall forming the easterly wall of the plaintiff's premises, and from further continuing the use of said wall for any purpose whatever, or further cutting into the same or trespassing upon the same, except upon and after paying to the plaintiff the sum of $500 for the use of the same, and that the plaintiff have judgment for the said sum of $500 and interest. To this complaint the defendant demurred upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the Special Term, and from the interlocutory judgment entered thereon the plaintiff appeals.

It is quite clear that the parties to this agreement intended that the covenants should run with the land, and bind the grantees of both parties, and that, before either the party of the second part or his grantees should have the right to use this wall, he or they should first pay to the party of the first part or his assigns the $500; but it seems to have been held that such a covenant could not be perpetual, because when the amount was paid it would become inoperative, and it could not run with the land after being fully performed. Hart v. Lyon, 90

N. Y. 663, as construed in Sebald v. Mulholland, 155 N. Y. 462, 50 N. E. 260. Assuming, however, that the land owned by the defendant was subject to the covenants contained in this agreement, and that upon accepting its benefits the land thereby became subject to the obligation to pay the amount provided for by the contract, can the plaintiff, as. the grantee of the land of the party of the first part, enforce the obliga-- tion to pay for the use of the party wall? ' Under the contract the party of the first part built the wall, and became entitled to. receive from the· party of the second part the sum agreed upon when the party of the second part or his assigns erected a building upon the premises which made use of the party wall. There is no allegation in the complaint· that that right has been assigned to the plaintiff. He acquires his right solely as the grantee of the property owned by the party to the agreement who erected the party wall. Whatever may be said to be the· effect of the covenants as to the use of the party wall by the party of the . second part to the agreement or his assigns, the right to receive payment was a right personal to the party of the first part. This question was presented in the case of Cole v. Hughes, 54 N. Y. 444, 13 Am. Rep. 611. That action was brought to recover ·the value of a party wall under an agreement whereby Vorhees agreed that Dean might erect the wall for their common benefit, and that whenever he, his heirs or assigns, should use the same, he or they would pay him, his heirs or assigns, for such part of the wall as should thus be used. Judge Earl. there says:

"The first question to be determined is whether the right to compensation is· in the plaintiff or in the owner of the lot. It is claimed that it passed to the grantee of the lot, on the ground that the covenant to pay run with the land. To this I cannot assent. When Dean conveyed, he conveyed all his interest in the lot, and, as appurtenant thereto, in the party wall. For this interest the grantee paid, and he got all he paid for. There can be no reason in equity why he should also receive payment for some portion of the cost of building the party wall. Vorhees covenanted, in a certain event, to pay this to Dean. It was a chose in action which was due or might be due him. It was in no· way attached to the Dean lot. The money to be paid was not for anything done upon the Dean lot, but for something which had been done upon the Vorhees lot, and it no more passed to his grantee than it would if he had built a house upon the Vorhees lot, using the party wall, and Vorhees had agreed to· pay him whenever he or his heirs or assigns should use or occupy it. The covenant to pay was in no sense for the benefit of the Dean lot, but solely for the benefit of Dean, and therefore did not pass to the grantee of the lot."

This conclusion was affirmed in Sebald v. Mulholland, 155 N. Y.. 455, 50 N. E. 260.

It follows that the judgment appealed from must be affirmed, with costs. All concur.