CRAWFORD v. KROLLPFEIFFER.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

PARTY WALLS—CONTRACTS—CONSTRUCTION—COVENANTS RUNNING WITH LAND.
Plaintiff and decedent, who were the owners of adjoining lots, executed a party wall contract, by which it was agreed that plaintiff should build the wall at his own expense on the dividing line, and that decedent or his assigns should be at liberty to use the wall, and should pay plaintiff, his representatives or assigns, $500 when the wall was so used. The agreement also declared that it should be binding on and inure to the benefit of the heirs, executors, administrators, and assigns of the respective parties thereto, and should be considered as a covenant running with the land, but that no part of the fee of the premises on which the wall was erected should be transferred or conveyed by such contract. *Held*, that such agreement merely created an easement in favor of each lot for the support of the wall, and that decedent's covenant to pay did not run with the land, so that plaintiff, after having conveyed his lot, could not recover on decedent's covenant against one to whom the latter's lot was conveyed by his executors, on such grantee erecting a building on the lot and using the wall.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Party Walls, § 49.]

Appeal from Special Term.

Action by James C. Crawford against Henry Krollpfeiffer. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

Joseph Fettretch, for appellant.
Harold Swain, for respondent.

LAUGHLIN, J. This is a suit in equity to have a lien declared in favor of the plaintiff, and enforced against premises owned by the defendant, for $500 on account of the expense of constructing a party wall. On the 28th day of February, 1899, the plaintiff owned a lot having a frontage of 20 feet on the northerly side of 118th street, commencing 225 feet westerly from the westerly line of Lenox avenue, and one Francis Crawford owned the lot next easterly therefrom and of the same dimensions. On that day the owners of these lots entered into an agreement in writing, plaintiff being party of the first part, and Francis Crawford being party of the second part, which was duly recorded in the office of the register of the county of New York, in and by which it was provided that the plaintiff should forthwith construct a party wall, the center line of which should be the line between the two lots. The dimensions of the wall were prescribed in the agreement. It was further provided that the entire cost of constructing the wall should be borne by the plaintiff or his assigns, and that—

"the said party of the second part hereto or his assigns, shall be at liberty at any time hereafter to use the said wall for all the purposes of a party wall for any house which he or his assigns may erect on said land owned by the said party of the second part, upon payment by the said party of the second part, or his assigns, to the said party of the first part, his legal representatives or assigns, the sum of $500 in cash, such payment to be made when the wall is used."

It was further provided that, should it become necessary to repair
or rebuild the wall after the same should be used by the party of the
second part or his assigns, the cost thereof should be borne equally
by the parties, or their representatives, heirs, executors, administra-
tors, or assigns. The final clause of the agreement was as follows:

"Fifth. That this agreement shall be binding on and inure to the benefit
of the heirs, executors, administrators, and assigns of the respective parties
hereto, and shall be construed as a covenant running with the land, but that
no part of the fee of said premises upon which said party wall may be erected,
shall be transferred or conveyed in or by these presents."

The plaintiff thereafter erected a building upon his lot, and in con-
nection therewith erected the party wall in accordance with the agree-
ment. The party of the second part died without having used the
party wall or conveyed the premises. Title to the lot owned by him
was conveyed by his executors to one Picken, subject to the party
wall agreement. Picken subsequently erected a house upon the lot
and used the party wall, but did not pay the $500 to the plaintiff;
and he thereafter subsequently conveyed the premises to the defend-
ant, the conveyance being made expressly subject to the party wall
agreement. The action is brought upon the theory that the $500 be-
came a charge upon the landowner when Picken, defendant's grantor,
used the wall, and continues a charge thereon.

The question presented for decision is whether the covenant to
pay ran with the land. It is clear that the covenant as to the payee,
or, in other words, as to the benefit of the obligation to pay, did not
run with the land, and it was so decided by this court in construing
this identical agreement in Schwenker v. Picken, 91 App. Div. 367,
86 N. Y. Supp. 681. The obligation to pay, whoever is bound there-
by, ran to the plaintiff when he constructed the wall, and he clearly
did not make it in favor of his land, so that it runs to his grantee. It
is expressly provided in the agreement that the fee to the land upon
which the wall was constructed was not conveyed; but it is manifest
that an easement was created thereby in favor of each lot for the
support and maintenance of the party wall in part upon the other.

We are not now called upon to decide whether, if plaintiff still
owned the lot which he owned at the time the party wall agreement
was made, there would be a privity of estate between him and the
owner of the other lot; for even so it is manifest that upon convey-
ing his lot he ceased to retain any interest in the land. He could
not retain an easement in favor of land which he conveyed for the
support and maintenance of the wall in part upon the adjacent prem-
ises, for such easement was appurtenant to the land which he con-
veyed and necessarily passed to his grantee. McKenna v. Brooklyn
Union Railroad Company, 184 N. Y. 391, 77 N. E. 615. In this re-
spect the case of Guentzer v. Juch, 51 Hun, 397, 4 N. Y. Supp. 39,
relied upon by the appellant is distinguishable; for there the plain-
tiff who built the wall had not conveyed at the time he brought the
action. Moreover, that case is distinguishable upon the ground that
there the action was brought against the party who first used the
wall; whereas, here the defendant was not the first party to use the
wall. The cases seem to hold that a covenant does not run with the

land unless there is a privity of estate, and that such a covenant does not create a privity of estate. Cole v. Hughes, 54 N. Y. 444, 13 Am. Rep. 611; Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260; Washburn on Real Property (6th Ed.) §§ 1203, 1204. Where the agreement does not contemplate the present construction of a party wall, but authorizes its construction by either party in the future, the rule is different, and the covenant is said to create a privity of estate and to run with the land. Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; Sebald v. Mulholland, supra. The expression of opinion in Schwenker v. Picken, supra, that the parties intended that this covenant to pay when the wall was used should run with the land, was not a decision that it was effective for that purpose.

It follows that the judgment should be affirmed, with costs. All concur.