HAYDEN v. PINCHOT.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. VENDOR AND PURCHASER ⟨⟩134(1)—PARTY WALL AGREEMENTS—INCUMBRANCE.

A party wall agreement, providing that, as the owners of the premises adjacent to those belonging to plaintiffs' predecessor were about to erect a building, they might extend, at their own expense, party walls then existing between the lots, and if in the future the extension should be used by plaintiffs' predecessor, she should pay a sum fixed for such use, and that the agreement should run to the benefit of the heirs, executors, administrators, and assigns of all the parties, is not an incumbrance on the land, preventing plaintiffs from conveying good title, for the agreement did not create a privity of estate, but the agreement was a personal covenant.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 250–252; Dec. Dig. ⟨⟩134(1).]

2. VENDOR AND PURCHASER ⟨⟩330—REMEDIES OF VENDOR—BREACH OF CONTRACT.

Where a purchaser breaks his contract to buy land, the vendor's measure of damages is the difference between the contract price and the market value at the time of breach.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 953–956; Dec. Dig. ⟨⟩330.]

3. VENDOR AND PURCHASER ⟨⟩330—REMEDIES OF VENDOR—BREACH OF CONTRACT—DAMAGES RECOVERABLE.

Where a purchaser violated his contract, and the vendor retained title to the property, the vendor cannot, having resold the property and paid taxes in the interim, recover broker's commission, taxes paid, and the loss of interest on the purchase price from the date of the breach.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 953–956; Dec. Dig. ⟨⟩330.]

4. VENDOR AND PURCHASER ⟨⟩330—REMEDIES OF VENDOR—BREACH OF CONTRACT.

Where a purchaser, having paid part of the consideration, violated his contract, the amount paid may, in an action by the vendor for dam-

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ages, be offset against the damages sustained, notwithstanding the purchaser, having breached, could not in an independent action recover such payment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 953–956; Dec. Dig. ☞330.]

Appeal from Trial Term, New York County.

Action by Henry W. Hayden, individually and as trustee, etc., and others against Amos R. E. Pinchot. From a judgment entered on a directed verdict, defendant appeals. Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Nathan A. Smyth, of New York City, for appellant.
Henry W. Hayden, of New York City, for respondents.

McLAUGHLIN, J. On January 31, 1913, the appellant entered into a contract with respondents to purchase from them for $125,000 certain real estate in the city of New York; the respondents agreeing to convey "free from all incumbrance." $2,500 of the purchase price was paid at the time the contract was executed, and the balance agreed to be paid on the 3d of March following, the date set for closing the transaction, when the deed was to be delivered. On that day the respondents tendered to the appellant a deed, which he refused to accept, on the ground that there was an incumbrance upon the property. The alleged incumbrance consisted of a party wall agreement between the mother and predecessor in title of the respondents, and third parties by the name of Dinsmore, who owned adjoining property. This agreement provided in substance that, as the Dinsmores were about to erect a building on their property, they might extend, at their own expense, the party wall then existing between the two lots, and if, in the future, the respondents' mother should use the extension so to be erected, she would pay to them, for such use, a sum to be fixed as provided in the agreement. It was further provided that the agreement should "bind and run to the benefit of the heirs, executors, administrators, and assigns of all the parties" thereto.

It is not claimed that the appellant knew of the existence of this agreement until the time fixed for the closing of the title, when that fact was disclosed by a search made by a title company. This fact having been disclosed, the appellant refused to complete the contract by paying the balance of the purchase price, on the ground that the agreement was an incumbrance and that the respondents could not give good title. Thereupon this action was brought to recover the damages alleged to have been sustained by such refusal to perform. The answer alleged that the respondents could not give good title, by reason of the agreement referred to, and set up as a counterclaim the $2,500 paid, for which a recovery was asked. At the conclusion of the trial, both parties having moved for the direction of a verdict, it was stipulated that a verdict might be directed in the absence of the jury, with the same force and effect as if present, and that the damages to which the respective parties might be entitled be assessed by the court. The court directed a verdict in favor of the respondents

for $3,515.17, upon which judgment was entered, and from which this appeal is taken.

[1] The principal question presented on the appeal is whether the agreement relating to the party wall constituted an incumbrance and prevented the respondents from conveying good title. I am of the opinion that it did not. A party wall agreement, such as the one here involved, does not create a privity of estate or constitute an incumbrance upon the land, but at most is a personal covenant. Crawford v. Krollpfeiffer, 195 N. Y. 185, 88 N. E. 29, 133 Am. St. Rep. 783; Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260; Scott v. McMillan, 76 N. Y. 141; Cole v. Hughes, 54 N. Y. 444, 13 Am. Rep. 611; Schwenker v. Picken, 91 App. Div. 367, 86 N. Y. Supp. 681. The rule seems to be different where the agreement does not contemplate the present construction of a party wall, but authorizes its construction by either party in the future. In that case the covenant is said to create a privity of estate, and to run with and be binding upon the land. Sebald v. Mulholland, supra; Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; Crawford v. Krollpfeiffer, 122 App. Div. 848, 107 N. Y. Supp. 891. The agreement here under consideration does not come within the exception, because it appears that it contemplated an extension at once of a party wall then in existence.

The authorities cited by the appellant have not been overlooked. They are distinguishable from the present case, and besides Bedell v. Kennedy, 38 Hun, 510, and Guentzer v. Juch, 51 Hun, 397, 4 N. Y. Supp. 39, seem to be contrary to the rule laid down by the Court of Appeals in Crawford v. Krollpfeiffer, supra, and Sebald v. Mulholland, supra.

My conclusion, therefore, is that the party wall agreement could not be enforced against the appellant or his grantee, and hence did not constitute an incumbrance, nor render the title unmarketable. If this be correct, then the appellant was not justified in refusing to take title.

[2] But it is said the court adopted an improper measure of damage. The amount of such damage was made up of the following items:

(a) The difference between the contract price and the market value of the land at the time the contract was broken.................$2,500.00
(b) Taxes paid by the respondents intermediate the breach of the contract and a resale of the land........................... 1,086.00
(c) The amount paid for broker's commission on the resale........... 1,000.00
(d) Interest on $122,500, the balance of the purchase price, from the date the contract was broken to the date of a resale........... 1,429.17

　　　　　　　　　　　　　　　　　　　　　　　　　　$6,015.17
Less the amount paid by the appellant at the time the contract was executed...................................... 2,500.00

Leaving due the plaintiff...................................$3,515.17

The proof as to the market value of the land at the time the contract was broken was conflicting. The court found the market value to be $122,500. Such finding cannot be said to be against the weight

of evidence, and therefore the difference between that sum and the contract price was the proper measure of damage. The rule seems to be well settled that the measure of damages for the breach of a contract by the vendee is the difference between the contract price and the market value of the property at the time of the breach. Schmaltz v. Weed, 27 App. Div. 309, 50 N. Y. Supp. 168; Bensinger v. Erhardt, 74 App. Div. 169, 77 N. Y. Supp. 577; Kuntz v. Schnugg, 99 App. Div. 191, 90 N. Y. Supp. 933.

[3] The other items, taxes, broker's commission, and interest, were not a part of the plaintiff's damage, and were erroneously allowed as such. When the contract was broken, the respondents could have brought an action (1) for specific performance; or (2) to recover damages for the breach of the contract. Smith v. Sturges, 108 N. Y. 495, 15 N. E. 544; Schmaltz v. Weed, 27 App. Div. 309, 50 N. Y. Supp. 168; Prichard v. Mulhall, 127 Iowa, 545, 103 N. W. 774, 4 Ann. Cas. 789, and authorities cited. They, however, elected to retain the title to the land and bring this action to recover damages. The taxes, commission, and interest were paid or accrued after the contract was broken, and cannot, under any authority of which I am aware, be held to be damages occasioned by such breach for which appellant is liable.

[4] But it is urged by the respondents that the appellant should not have been credited with the $2,500 paid by him when the contract was executed, and in the event of a modification of the judgment this alleged error should be corrected. It is true there are authorities to the effect that a vendee who has broken a contract to purchase real estate cannot recover from the vendor payments made on account of the purchase price. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Lawrence v. Miller, 86 N. Y. 131; Levy v. Hill, 70 App. Div., 95, 75 N. Y. Supp. 19, affirmed 174 N. Y. 536, 66 N. E. 1112. These authorities are not in point. They are simply to the effect that a party who has broken his contract is not in a position to recover what he has paid, and it is for this reason the appellant was not entitled to recover on his counterclaim. But that is not this case. Here the vendor asks that he be paid the damage which he sustained by reason of the vendee's breach. The vendee is not recovering anything; on the contrary, the vendor is recovering what the court found the damage to be. Such damage, as already indicated, is the difference between the contract price and the market value of the land at the time the contract was broken. If the vendor has already received part of the purchase price, the sum thus paid must be deducted from the amount of damages awarded. While I have been unable to find any authority in this state bearing directly upon the point, this must be so in principle, and there are several authorities to that effect in other jurisdictions. Ockenden v. Henly, El., Bl. & El. 484, English Reports, 120, 49 King's Bench, 590; Curtis v. Aspinwall, 114 Mass. 187, 19 Am. Rep. 332; Allen v. Mohn, 86 Mich. 328, 49 N. W. 52, 24 Am. St. Rep. 126; Prichard v. Mulhall, 127 Iowa, 545, 103 N. W. 774, 4 Ann. Cas. 789. The rule is tersely, and I think correctly, stated in the headnote to Prichard v. Mulhall, supra, as follows:

"A vendor's measure of damages for breach of a contract, where he retains the title to the land, is the difference between the contract price of the land and its market value at the time of the breach, less any portion of the purchase price already paid."

If the foregoing views be correct, then it follows that the judgment appealed from should be modified, by reducing the verdict to one for nominal damages, and, as thus modified, affirmed, with costs to the appellant. Settle order on notice. All concur.

---

### AMSLER v. SORACI CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. WITNESSES ☞405(1)—COLLATERAL ISSUES—CONCLUSIVENESS OF ANSWERS.
   One who upon cross-examination interrogates a witness on a collateral matter is bound by his answer and cannot thereafter seek to contradict it.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. ☞405(1).]

2. APPEAL AND ERROR ☞1060(1)—REVIEW—PREJUDICIAL ERROR.
   In an action for injuries caused by an obstruction in a street, statement by the plaintiff's counsel that he intended to show that the defendant had made changes in the scene after the accident, and before the taking of pictures received in evidence, was prejudicial error.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ☞1060(1).]

3. EVIDENCE ☞380—COMPETENCY—PHOTOGRAPHS—CHANGE OF CONDITIONS.
   Although a photograph taken at a reasonable time after the happening of an accident is admissible in evidence, if one who witnessed the accident vouches for it, with the changes in conditions required to be kept in mind in order that the actual scene may be reproduced, it cannot be shown by whom or whose orders any change of condition was made after the accident.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1657; Dec. Dig. ☞380.]

Appeal from Trial Term, New York County.

Action by Margaretha Amsler against the Soraci Contracting Company. From a judgment for the plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.