ELLIS COHEN, Respondent, *v.* BURTON W. FEATHERS, Appellant.

Third Department, June 27, 1924.

**Vendor and purchaser — action to recover back down payment on contract induced by fraud — action is one at law and City Court of Troy had jurisdiction — judgment in favor of defendant on counterclaim for stipulated damages of $1,000 proper — stipulated damages not penalty.**

An action by a purchaser to recover back a down payment made on a land contract alleged to have been induced by fraud is one at law and, therefore, the City Court of Troy had jurisdiction.

The judgment in favor of the defendant on his counterclaim for $1,000 stipulated in the contract as liquidated damages in case of the failure of either party to perform was properly rendered, as the stipulated damages will be considered as liquidated in this case and not as a penalty, since it appears that the contract price for the land was $9,000, that the clause providing for stipulated damages is clear and explicit, that the actual damages were in their nature uncertain, and that the amount named is not out of all proportion to the probable loss.

APPEAL by the defendant, Burton W. Feathers, from a judgment of the County Court of the county of Rensselaer in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 12th day of September, 1923, reversing a judgment of the City Court of Troy in favor of the defendant, and also from the order reversing said judgment entered in said clerk's office on the same day.

*Lucien E. Clickner,* for the appellant.

*Thomas F. Galvin,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff entered into a written agreement with the defendant whereby the former agreed to purchase from the latter a certain dwelling house for the sum of $9,500, to be paid when the deed was delivered. The plaintiff paid $100 of the purchase price to the defendant at the time of the execution of the contract. The contract further provided that if either party failed to perform the contract the party so failing should pay to the other party the sum of $1,000. The contract stated that the sum named " is hereby fixed as liquidated damages, and in no event shall the same be considered a penalty." Instead of performing the contract the plaintiff notified the defendant that he would not perform. Thereafter he brought this action to recover the sum of $100 which he had paid the defendant. He alleged in his complaint that the defendant, prior to the making of the contract, falsely represented to him that the cellar walls of the dwelling were substantial, that they would prevent water leaking through, and that the cellar was

perfectly dry. The plaintiff further alleged that these representations were false and known by the defendant to be false; that he was induced thereby to enter into the contract; that the cellar walls were not substantial, that water leaked through and the cellar was damp and wet; that he had notified the defendant that he would not carry out the contract. The complaint asked for a judgment in the sum of $100 with interest. The answer denied the material allegations of the complaint and set up a counterclaim to recover from the plaintiff the sum of $1,000 as liquidated damages for his non-performance. The case was tried before the City Court of Troy without a jury. The court, upon proof amply justifying its conclusions, determined the issue of false representation in favor of the defendant, dismissed the complaint of the plaintiff, and granted an affirmative judgment in favor of the defendant upon his counterclaim. The County Court, on appeal, reversed the judgment, on the ground that the complaint sought equitable relief, and that the City Court, therefore, had no jurisdiction in the premises. The action was brought to recover moneys paid as the consideration for a contract of purchase alleged to have been induced by fraud. No equitable relief was demanded and none was necessary. The action was an action at law for money had and received. (*Gould* v. *Cayuga County Nat. Bank,* 86 N. Y. 75; *Vail* v. *Reynolds,* 118 id. 297; *Davis* v. *Rosenzweig Realty Co.,* 192 id. 128; *Schank* v. *Schuchman,* 212 id. 352.) In *Davis* v. *Rosenzweig Realty Co.* (*supra*) the action brought was in equity to rescind a contract for the purchase of real estate, and to recover the consideration paid. The court, in an opinion by Judge VANN, said: " Under the facts found the right of recovery at law for the sum paid is not questioned." In *Schank* v. *Schuchman* the court, in an opinion by Judge CARDOZO, said: " The present action, like the earlier one, is, therefore, in reality, for money had and received. That is always the legal remedy available where a defrauded purchaser, waiving the tort, elects to rescind and to reclaim his payments." The City Court, therefore, had jurisdiction of this legal action. We think, also, that the City Court was right in giving judgment upon the counterclaim. Nothing appears in the record to indicate that the contract clause in relation to damages was a stipulation for a penalty rather than for liquidated damages as the contract expressly termed them. In *Caesar* v. *Rubinson* (174 N. Y. 492, 496) it was said: " Where the language of such a provision specifying the amount of damages to be paid in case of a breach of the contract is clear and explicit to that effect, the amount is to be deemed liquidated damages when the actual damages contemplated at the time the

agreement was made are in their nature uncertain and unascertainable with exactness and may be dependent upon extrinsic considerations and circumstances, and the amount is not on the face of the contract out of all proportion to the probable loss. (*Curtis* v. *Van Bergh,* 161 N. Y. 47; *Ward* v. *Hudson River Bldg. Co.,* 125 id. 230.) " We think that the contract clause " is clear and explicit; " that the actual damages contemplated were " in their nature uncertain; " that the amount named " is not on the face of the contract out of all proportion to the probable loss." The case of *Couch* v. *Newtown Council Bldg. Assn.* (109 App. Div. 856) supports the view that the defendant was entitled to recover the damages stipulated.

The judgment should be reversed, with costs, and the judgment of the City Court reinstated.

All concur.

Judgment of the County Court reversed on the law and judgment of the City Court affirmed, with costs to the appellant in all courts.