DEO D. MYERS, Plaintiff, *v.* GEORGE H. STUDLEY and Another, Defendants.

Supreme Court, Yates County, April 19, 1928.

**Vendor and purchaser — action by vendor for breach of contract — damages were stipulated in contract — vendor may recover stipulated damages less payments made.**

A vendor of real property in an action to recover damages for a breach of the contract by the vendee, which contract stipulates the amount of the damages, may recover the amount stipulated less payments made on the contract by the vendee.

ACTION to recover stipulated damages.

*Huson & Hyland,* for the plaintiff.

*Mann, Strang, Bodine & Wright,* for the defendants.

RODENBECK, J. The defendants vendees have broken their contract for the purchase of a farm, and are willing to pay the stipulated damages provided in the contract, but the plaintiff vendor seeks to recover, in addition thereto, the payments made under the contract. In an ordinary case of the breach of a contract, where no damages are stipulated, the innocent party is entitled to recover his actual damages, and when these have been ascertained, any payments made on the contract must be deducted. (*Hayden* v. *Pinchot,* 172 App. Div. 102, 106.) These deductions are allowed because the measure of recovery in such a case is the actual damages that have been sustained, and if the innocent party were allowed to retain previous payments made and the actual damages besides, there would be a recovery for what might be termed profits under the contract. The defendants may not be able to recover back the payments made under the contract (*Lawrence* v. *Miller,* 86 N. Y. 131), but neither can the plaintiff recover more than the actual damages sustained. These have been stipulated. In no event can he recover more than the stipulated amount. The defendants are not seeking to recover the payments made but are willing to surrender them and insist that the plaintiff shall not recover more than his damages. In a contract, where stipulated damages are provided, the parties fix the amount of damages themselves instead of leaving that question open. In case of a breach they provide the amount of damages that shall be construed as the loss sustained through a breach of the contract. In such a case there is no reason why the guilty party should pay more than the stipulated damages, any more

than he should pay a sum in excess of the actual damages where there is no provision for stipulated damages. In both cases actual damages are the measure of the loss sustained, and while in the former the amount of the damages must be determined, in the latter they are fixed by the parties. This conclusion works out an equitable result and gives the plaintiff the damages that he stipulated would follow a breach by the defendants. No case has been cited directly in point. The question is not discussed in *Cohen* v. *Feathers* (209 App. Div. 780) and that case is not an authority for the claim of the plaintiff. The plaintiff, therefore, is entitled to recover the difference between the amount stipulated as damages and the payments previously made on the contract, or the sum of $500 with interest.