**14**

Griffith B. PRICE, Jr., and Maria
Helena Price, Plaintiffs,

v.

Andrzej BARTKOWIAK and Aileen
Getty Wilding, Defendants.

No. 88 Civ. 2396 (RWS).

United States District Court,
S.D. New York.

Dec. 22, 1989.

Hannaway & Fannon, New York City,
for plaintiffs.

Stein, Davidoff & Malito (Jack E. Bronston, of counsel), New York City, for defendants.

### OPINION

SWEET, District Judge.

Defendants Andrzej Bartkowiak ("Bartkowiak") and Aileen Getty Wilding ("Wilding"), collectively referred to as "Bartkowiak," move for reconsideration of a judgment entered by this court on July 18, 1989 referring this matter to a Magistrate for determination of plaintiff Griffith B. and Maria Helena Price's ("Price") total damages resulting from Bartkowiak's breach of contract. For the reasons set forth below, this motion is denied.

*The Parties*

The Prices are citizens of the District of Columbia. From March of 1980 until December 31, 1987 they were the record owners of residential real property located at 219 Pelhamdale Avenue, Pelham, New York.

Bartkowiak and Wilding sought to purchase the Price property.

*Prior Proceedings*

The Prices filed the complaint in this case on April 6, 1988. Bartkowiak commenced their action in the New York State Supreme Court on approximately the same date. Price entered a default judgment in the Federal Court action on June 28, 1988. By stipulation, the default judgment was vacated and the State Court action was withdrawn on August 29, 1988 leaving only the action in the federal court. Bartkowiak, by answer on August 22, 1988, brought a counterclaim against price. Bartkowiak moved for summary judgment on January 12, 1989. Price cross-moved for summary judgment on January 27, 1989. The motions were considered on affidavits, argued and fully submitted on February 10, 1989.

In the June 13, 1989 opinion, finding that Bartkowiak had breached their contract, the court granted Price's motion for summary judgment seeking payment of the escrow fund to Price and an award of Price's actual damages over and above the amount of the escrow fund. Both sides submitted proposed forms of judgment and Price's proposed judgment, referring the matter to a magistrate for a determination of the total amount of damages, was signed. The Court rejected Bartkowiak's proposed judgment, which omitted that reference and directed only that the escrow fund plus interest be paid to Price. Bartkowiak sent a letter to the court seeking reargument on October 10, 1989. The motion was considered submitted on October 27, 1989.

*Facts*

The facts are outlined fully in the opinion dated June 13, 1989. Bartkowiak sets forth no new facts for reargument.

*Discussion*

Bartkowiak contends that the judgment entered by this court on July 18, 1989 will permit Price to be entitled to a "double recovery" inasmuch as Price would be entitled to recover the 10% deposit of $59,950 and, in addition, damages for breach of contract. Bartkowiak asserts that the ruling is contrary to the laws of New York and cites *Maxton Builders, Inc. v. Lo Galbo*, 68 N.Y.2d 373, 381, 509 N.Y.S.2d 507, 512, 502 N.E.2d 184, 189 (Ct.App.1986) as support for this proposition.

Bartkowiak did not move to amend the judgment or seek modification within the ten day period prescribed by Rule 52(b) or 59(e) of the Federal Rules of Civil Procedure. Consequently this motion for reconsideration is considered under Rule 60(b)(1) which provides that a court may relieve a party from final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

There is no basis for a modification of or relief from this court's judgment of July 18, 1989. The court awarded Price actual damages, and referred this case to a magistrate for a determination of those damages. The $59,950 in the escrow fund is to be applied toward that determination, as is required by New York law. *Hayden v. Pinchot*, 172 A.D. 102, 106–07, 158 N.Y.S. 215 (1st Dept.1916).

Bartkowiak's letter of October 10, seeking reargument states that this court's ruling is "contrary to the laws of New York as recently expressed by the New York Court of Appeals which opined that 'the traditional 10% down payment ... would probably be upheld as a valid liquidated damages clause.' *Maxton Builders, Inc. v. Lo Galbo*, 68 N.Y.2d 373, 381, 509 N.Y.S.2d 507, 512, 502 N.E.2d 184, 189 (Ct.App. 1986)." This citation is misleading in that it is both dicta and in reference to cases where the agreement expressly provides for damages upon default, a factual circumstance distinct from the present case.

Bartkowiak's inapposite citation of *Maxton* in support of the proposition that Price cannot recover actual damages in no way affects the court's judgment. *Maxton* does not address the issue of whether a seller can collect more than the 10% figure if actual damages are in excess of the amount in escrow, nor does it indicate that the seller may not collect actual damages. *See Maxton Builders, Inc. v. Lo Galbo*, 68 N.Y.2d 373, 509 N.Y.S.2d 507, 502 N.E.2d 184 (Ct.App.1986). Instead, *Maxton* held, and Bartkowiak recognizes, that in New York, a "forfeiture" jurisdiction, a seller of real property is entitled to retain a defaulting buyer's 10% down payment even if the seller's actual damages were *less* than that amount. *Id.* 509 N.Y.S.2d at 512, 502 N.E.2d at 189 (emphasis added).

For the reasons set forth above, the motion is denied.

It is so ordered.